IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| JEB R. STEWART, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. CV205-014 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff contests the decision of Administrative Law Judge G. William Davenport, ("the ALJ" or "ALJ Davenport") denying his claim for a period of disability and Disability Insurance Benefits. Plaintiff urges the Court to remand this case because the ALJ's decision is not supported by substantial evidence. Defendant asserts that the Commissioner's decision should be affirmed.

Plaintiff filed an application for period of disability and Disability Insurance Benefits on February 7, 2000, alleging that he became disabled on December 22, 1998, due to back problems. (Tr. at 21, 22.) After his claim was denied initially and upon reconsideration, Plaintiff filed a timely request for a hearing. On May 11, 2001, ALJ Davenport held a hearing at which Plaintiff and his wife testified. (Tr. at 719-764.) Plaintiff was represented by Counsel. The ALJ determined that Plaintiff was not disabled because he retained the Residual Functional Capacity ("RFC") to perform his past relevant work. Plaintiff requested review from the Appeals Counsel which vacated the decision and

AO 72A
(Rev. 8/82)

remanded Plaintiff's case to the hearing level for further proceedings. (Tr. at 324-326.)

A supplemental hearing was held on January 8, 2003 at which Plaintiff and a vocational expert testified. (Tr. at 22.) Counsel represented Plaintiff at the supplemental hearing. ALJ Davenport found that Plaintiff was not disabled within the meaning of the Act. (Tr. at 29.) The Appeals Council denied Plaintiff's request for review of the ALJ's decision, and the decision of the ALJ became the final decision of the Commissioner for judicial review. (Tr. at 12-17.)

Plaintiff, born on February 24, 1959 was 44 years old when ALJ Davenport issued his decision. He graduated from high school and completed one year of college. (Tr. at 22, 515.) His past relevant work experience includes work as a foreman for auto mechanics and as a truck terminal maintenance manager. (Tr. at 22, 510, 518.)

## ALJ'S FINDINGS

Pursuant to the Act, the Commissioner has established a five-step process to determine whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920; Bowen v. Yuckert, 482 U.S. 137, 140, 107 S. Ct. 2287, 2291, 96 L. Ed.2d 119 (1987). The first step determines if the claimant is engaged in "substantial gainful activity." Yuckert, 482 U.S. at 140, 107 S. Ct. at 2287. If the claimant is engaged in substantial gainful activity, then benefits are immediately denied. Id. If the claimant is not engaged in such activity, then the second inquiry is whether the claimant has a medically severe impairment or combination of impairments. Yuckert, 482 U.S. at 140-141, 107 S. Ct. at 2291. If the claimant's impairment or combination of impairments is severe, then the evaluation proceeds to step three. The third step requires a determination of whether the claimant's impairment meets or equals one of the impairments listed in the Code of Federal

2

Regulations and acknowledged by the Commissioner as sufficiently severe to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(d), 416.920(d); 20 C.F.R. Pt. 404, Subpt. P. App. 1; Phillips v. Barnhart, 357 F.3d 1232, 1238 (11th Cir. 2004). If the impairment meets or equals one of the listed impairments, the plaintiff is presumed disabled. Yuckert, 482 U.S. at 141, 107 S. Ct. at 2291. If the impairment does not meet or equal one of the listed impairments, the sequential evaluation proceeds to the fourth step to determine if the impairment precludes the claimant from performing past relevant work. Id. If the claimant is unable to perform his past relevant work, the final step of the evaluation process determines whether he is able to make adjustments to other work in the national economy, considering his age, education, and work experience. Phillips, 357 F.3d at 1239. Disability benefits will be awarded only if the claimant is unable to perform other work. Yuckert, 482 U.S. at 142, 107 S. Ct. at 2291.

In the instant case, the ALJ followed this sequential process to determine that Plaintiff has not engaged in substantial gainful activity since his alleged onset date. (Tr. at 23.) At step two, ALJ Davenport determined that Plaintiff's back problems along with related aches and pains were considered severe within the Act. (Tr. at 28.) However, the ALJ ascertained that Plaintiff's medically determinable impairments did not meet or medically equal a listed impairment. (Id.) At the next step, ALJ Davenport determined that claimant retained the RFC for "sedentary exertional work activities with no balancing, climbing, crouching, stooping, kneeling, with occasional use of both hands on pushing and pulling." (Id.) The ALJ determined that Plaintiff's RFC precluded him from the performance of his past relevant work, but Plaintiff could perform other work that exists in significant numbers in the national economy. (Id.) The ALJ concluded that Plaintiff was

3

not disabled according to the Social Security Act at any time through the date of his decision. (Id.)

## ISSUES PRESENTED

Whether substantial evidence supports:

I.  The ALJ's RFC assessment, based upon proper considerations of: (a) medical source opinions; (b) the combined effect of Plaintiff's Impairments; and © Plaintiff's credibility.

III. The ALJ's determination that Plaintiff could perform other work which existed in significant numbers in the national economy.

## STANDARD OF REVIEW

It is well-established that judicial review of social security cases is limited to questions of whether the Commissioner's factual findings are supported by "substantial evidence," and whether the Commissioner has applied appropriate legal standards. Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991); Martin v. Sullivan, 894 F.2d 1520, 1529 (11th Cir. 1990). A reviewing court does not "decide facts anew, re-weigh the evidence or substitute" its judgment for that of the Commissioner. Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005). Even if the evidence preponderates against the Commissioner's factual findings, the court must affirm a decision supported by substantial evidence. Id.

However, substantial evidence must do more than create a suspicion of the existence of the fact to be proved. The evidence relied upon must be relevant evidence which a reasonable mind would find adequate to support a conclusion. Walden v. Schweiker, 672 F.2d 835, 838-39 (11th Cir. 1982). The substantial evidence standard

requires more than a scintilla but less than a preponderance of evidence. Dyer, 395 F.3d at 1210. In its review, the court must also determine whether the ALJ or Commissioner applied appropriate legal standards. Failure to delineate and apply the appropriate standards mandates that the findings be vacated and remanded for clarification. Cornelius, 936 F.2d at 1146.

## DISCUSSION AND CITATION OF AUTHORITY

**I.  The ALJ Did Not Fully Develop the Record Regarding His Determination of Plaintiff's RFC Assessment and His Application of Medical Source Opinions.**

Throughout his brief, Plaintiff asserts that the ALJ's RFC assessment is not supported by substantial evidence. Plaintiff contends that the ALJ's decision has "multiple inconsistencies" regarding his RFC and the impact of pain on his ability to function in a "wide range of sedentary work." Defendant contends that the ALJ appropriately considered the totality of the evidence and that his RFC assessment is supported by substantial evidence.

ALJ Davenport determined that although Plaintiff did not retain the ability to return to his past relevant work, Plaintiff could continue performing work at the sedentary exertional level with no balancing, climbing, crouching, stooping, kneeling, and occasional use of both hands on pushing and pulling. (Tr. at 27.) The ALJ stated that this finding was a "'benefit of the doubt finding' because the Plaintiff does far more than all of this . . ." . (Id.)

### A) Medical Source Opinions

Plaintiff contends that the ALJ did not state with particularity the weight he gave different medical opinions, nor did he indicate the reasons he gave them no weight.

5

Plaintiff argues that ALJ Davenport did not properly refute the treating physicians' opinions; thus, without articulating reasons for rejecting the opinion, the ALJ accepted the opinion.

Defendant asserts that the ALJ properly considered all of the physicians' opinions regarding Plaintiff's medical conditions. Defendant avers that the record demonstrates that the ALJ rejected the opinions of Dr. Usifo and Dr. Hein and properly determined that they were entitled to no weight. Defendant avers that the ALJ correctly determined that an opinion finding Plaintiff with "severe and disabling work-related limitations," was inconsistent with the evidence of record. (Def. Br. at p. 16.)

A treating physician's opinion is entitled to substantial weight unless good cause not to do so exists. Edwards v. Sullivan, 937 F.2d 580, 583 (11th Cir. 1991); Jones v. Bowen, 810 F. 2d 1001, 1005 (11th Cir. 1986). There is good cause when the medical opinion is conclusory, unsupported by objective medical findings, or not supported by evidence from the record. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997); Edwards, 580 F.2d at 583. When the Commissioner rejects the opinion of the treating physician, he must give "explicit and adequate" reasons for the rejection. Elam v. Railroad Retirement Board, 921 F.2d 1210, 1215 (11th Cir. 1991). The ALJ is required to "state with particularity the weight he gave different medical opinions and the reasons therefor." Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir. 1987). The ALJ has a duty to develop a full and fair record. Ellison v. Barnhart, 355 F.3d 1272, 1276 (11th Cir. 2003) (per curiam) (citing 20 C.F.R. 416.912(d)); Wilson v. Apfel, 179 F.3d 1276, 1278 (11th Cir. 1999).

In the instant case, ALJ Davenport considered all available medical assessments. (Tr. at 28.) However, the ALJ sparsely developed the record regarding his reasons for rejecting, or accepting, the opinions of several treating physicians. Although ALJ

6

Davenport appeared to accept Dr. Pappas' neurological assessment, ALJ Davenport did not articulate his reasons for accepting or rejecting the medical assessments of the other doctors. For example, ALJ Davenport did not resolve discrepancies between Drs. Hein and Pappas who reached different conclusions regarding Plaintiff's ability to kneel or crawl. Dr. Hein determined that Plaintiff could not participate in work-related activities that included kneeling or crawling; in contrast, Dr. Pappas concluded that Plaintiff would be unimpeded by these activities. (Tr. at 24, 295-298, 710-715.) It is also unclear whether ALJ Davenport accepted or rejected Dr. Usifo's determinations. Dr. Usifo also determined that Plaintiff would be unable to crawl or climb, and would have restrictions, such as an inability to sit for more than twenty minutes, which Dr. Pappas did not place on the Plaintiff. (Tr. at 698-699.)

ALJ Davenport also considered the Veterans Affairs (VA) records, but did not appropriately state the weight he gave these records in his determinations. X-rays conducted by the VA indicated that Plaintiff suffered "disgoenic disease at L3-4 and L4-5 with a mild degree of spondolysis." (Tr. at 23.) As ALJ Davenport stated in his decision, and Plaintiff stated at the hearing, Plaintiff received a 100% service-connected disability from the VA. (Tr. at 23, 727-728, 770.) Although ALJ Davenport stated that the limitations he placed on his sedentary exertional level were "to honor" this finding, the ALJ did not articulate the reasons that these records provided such a limited influence on his decision. (Tr at 27.)

ALJ Davenport's decision provides a detailed outline of each doctor's assessment, but provides little analysis for why he reached his conclusions. As a result, it is unclear which medical opinions the ALJ provided greater weight and found most influential in

7

making his determinations. See Sharfarz, 825 F.2d at 279. Despite the Defendant's contention that the ALJ clearly rejected Dr. Usifo and Dr. Hein's medical opinions, the Court can not reach the same conclusion. Accordingly, Plaintiff's case should be remanded to more fully develop the record regarding which medical assessments the ALJ relied upon in making his determination.

It is unnecessary to address Plaintiff's remaining grounds for remand at this time.

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that the decision of the Commissioner be **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g).

So **REPORTED** and **RECOMMENDED**, this 9th day of February, 2006.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)